Filed 5/16/22  In re E.M. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOUTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re E.M., A Person Coming Under the Juvenile Court Law. | |
| | D080085 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J510365H) |
| v. | |
| P.M., et al. | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Browder A. Willis III, Judge.  Conditionally reversed and remanded with directions.

Robert McLaughlin, under appointment by the Court of Appeal for Defendant and Appellant P.M.

William Hook, under appointment by the Court of Appeal for Defendant and Appellant J.L.

P.M. (Father) and J.L. (Mother, together the parents) appeal from an order issued at the Welfare and Institutions Code[1] section 366.26 hearing terminating parental rights to their daughter, E.M., and finding without prejudice that the Indian Child Welfare Act (ICWA, 25 U.S.C. § 1901 et seq.) did not apply. Counsel for the parents and the San Diego County Health and Human Services Agency (Agency) have conferred and agree that the Agency's investigation under the ICWA was inadequate, under the relevant statutory and decisional authority. The parties filed a joint stipulation seeking the issuance of an immediate remittitur. We accept the stipulation, conditionally reverse, and remand for the limited purpose of ensuring compliance with ICWA's requirements.

## DISCUSSION

In November 2019, the parents denied any Indian ancestry and completed ICWA-020 forms indicating no knowledge of Indian ancestry. In February 2020, Father indicated possible Indian heritage. The social worker, however, was unable to obtain any further information from Father. Although the social worker had the names of the paternal grandparents and three paternal aunts, the record does not indicate that the Agency attempted to contact these individuals to inquire about possible Indian ancestry. The Agency also had direct communication with three of E.M.'s adult step-sisters but failed to inquire about Indian ancestry. The Agency also failed to ask E.M. about any possible Indian ancestry.

The parties agree, and we concur, that the Agency did not comply with its initial duty of inquiry in this case by failing to inquire of the child and available extended family members regarding any potential Indian ancestry.

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

2

(§ 224.2, subds. (a) & (b); Cal. Rules of Court, rule 5.481(a)(1).)  We also note that before the juvenile court can find that the ICWA does not apply, it must make a finding that "due diligence as required in this section have been conducted."  (§ 224.2, subd. (i)(2).)  The record does not show that the juvenile court made this finding.

Before reversing or vacating a judgment based upon a stipulation of the parties, an appellate court must find "both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.  [¶]  (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."  (Code Civ. Proc., § 128, subd. (a)(8).)

The present case involves reversible error because the parties agree, and we concur, that the Agency failed to comply with the ICWA and related California provisions.  Because this case would be subject to reversal to permit compliance with the ICWA and corresponding California statutes and rules absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8). (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The orders issued at the February 24, 2022, contested Welfare and Institutions Code hearing are conditionally reversed and the matter is remanded to the juvenile court with directions that within 30 days of the remittitur the Agency must file a report demonstrating its compliance with the inquiry provisions of the ICWA and section 224.2, subdivision (b), and, if required, conduct further inquiry under section 224.2, subdivision (e).  Within

3

45 days of the remittitur, the juvenile court must conduct a hearing to determine if the Agency's investigation satisfied its affirmative duty to investigate. The juvenile court has the discretion to adjust these time periods on a showing of good cause.

If neither the Agency nor the juvenile court has reason to believe or to know that E.M. is an Indian child, the orders issued at the February 24, 2022, contested Welfare and Institutions Code hearing shall be reinstated. Alternatively, if after completing the inquiry the Agency or the juvenile court has reason to believe that E.M. is an Indian child, the court shall proceed accordingly. The remittitur shall issue immediately.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.